UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
1:17-cv-00709-NCT-JLW

| | |
|---|---|
| ALAN SCOT TICKLES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SHERIFF TERRY S. JOHNSON, in his official )<br>capacity as Alamance County Sheriff, )<br>)<br>Defendant. ) | **MEMORANDUM<br>IN SUPPORT<br>OF DEFENDANT'S<br>MOTION TO DISMISS** |

## PREAMBLE

**COMES NOW** Defendant, Sheriff Terry S. Johnson, by and through his undersigned Counsel, and pursuant to Local Rule 7.2 and Fed. R. Civ. P. 12(b)(6), and submits this Memorandum in support of its pending Motion to Dismiss all claims.

## STATEMENT OF THE CASE AND ALLEGATIONS IN THE COMPLAINT

On **August 2, 2017**, Plaintiff filed a Complaint pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq*. (D.E. #1 at p. 1). Plaintiff alleges that he was discriminated on two (2) distinct occurrences. Specifically, Plaintiff first alleges that on **May 22, 2015**, he applied for a promotion to Sergeant and was "passed over" for this promotion on or about **June 8, 2015**. (*Id.* at ¶ 18). Plaintiff claims that although he met Defendant's Guidelines for promotion, two (2) other younger, less qualified individuals, who failed to meet the requisite Guidelines for promotion to Sergeant, were promoted instead. (*Id.* at ¶ 19). Second, Plaintiff further

1

alleges that approximately two (2) months after the failed promotion, he was reprimanded for making a comment about a former maintenance employee's intolerance for people of other races and ethnicities. Plaintiff contends the comment which subjected him to reprimand was a pretextual reason for his termination. (Id. at ¶ 20). Plaintiff was terminated by Defendant on or about **August 19, 2015**. (*Id.* at ¶ 21).

Plaintiff claims that he was a victim of age discrimination in Defendant's promotional process. (D.E. #1 at p. 1). He alleges that Defendant discriminated against him because of his age, and that, as a result, he filed a "Charge of Discrimination" with the United States Equal Employment Opportunity Commission ("EEOC"). (*Id.* at ¶ 8). Plaintiff further alleges that the investigation conducted by the EEOC led to a determination in his favor on the issue of failure to promote in violation of the ADEA. (*Id.*) The EEOC initiated its formal "conciliation" process to attempt to resolve the Plaintiff's claims and when conciliation failed, the EEOC issued Plaintiff a "Dismissal" and Notice of Right to Sue. (*Id.*).

Subsequent to the EEOC "right-to-sue" letter dated **May 5, 2017**, Plaintiff filed the instant lawsuit in this Court on **August 2, 2017**. In his suit, Plaintiff seeks money damages including liquidated damages, in an amount to be proved at trial. (*Id.* at p. 6). Defendant now moves for dismissal of Plaintiff's Complaint on the grounds set forth below.

# LAW AND ARGUMENT

A. **The Legal Standard**

A Motion to Dismiss made pursuant to Fed. R. Civ. P. 12(b)(6) scrutinizes the legal sufficiency of the claims contained in the Complaint. "[W]hen ruling on a Defendant's Motion to Dismiss, a Judge must accept as true all of the factual allegations contained in the Complaint." *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). In order for a Complaint to state a claim upon which relief may be granted, the Complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face, which allows a Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *See McCleary Evans v. Maryland Dept. of Transp.*, 780 F.3d 582 (4th Cir. 2015) (*relying upon Ashcroft v. Iqbal*, 556 U.S. 652, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), and Fed. R. Civ. P. 8(a). Plaintiff must allege facts sufficient to support each element of his claims. *See Bass v. DuPont*, 324 F.3d 761, 764-65 (4th Cir. 2003).

B. **Plaintiff's Complaint Should be Dismissed for Failure to State Sufficient Facts to State a Claim Against the Defendant**

In the *McCleary-Evans* case cited above, the Plaintiff's Complaint was properly dismissed, wherein the Plaintiff alleged that she had worked over twenty (20) years as a project manager in environmental regulatory compliance projects while employed at the Maryland Department of Natural Resources and the Maryland Transit Administration. (*Id.* at 583). In late 2009 – early 2010, she applied for two (2) open positions in the Highway Administration's Environmental Compliance Division. She alleged that her

3

prior work experience and education made her more than qualified for the positions, but these positions were filled by "non-black" candidates. (*Id.*). She then alleged that the Highway Administration did not hire her because of the combination of her race and gender. (*Id.*). The Complaint alleged that the selection committee overlooked the African-American candidates to select white male and female candidates. Then, in conclusory fashion, the Plaintiff alleged that the decision makers were biased in making their decision. However, the Complaint did not include any allegations regarding the qualifications or suitability of the persons hired to fill the two (2) positions. The Court, upon these facts, confirmed the dismissal of Plaintiff's Complaint.

In this case, the Plaintiff's Complaint fails to allege sufficient factual allegations to provide a plausible means of recovery. Plaintiff alleges that Defendant maintains a system of ranks and that "[b]efore a person could be promoted to a higher rank, that person was supposed to meet minimum standards that the Defendant had set (the "Guidelines"). (D.E. # 1, ¶ 11) Plaintiff does not allege that Defendant is obligated to follow these Guidelines, nor does Plaintiff allege any significant detail about the applicable standards for promotion. Plaintiff's sole allegation concerning these guidelines is that a person could not be considered for a Sergeant position until they had served as Corporal for eighteen (18) months. (D.E. #1, ¶ 18). There is no allegation contained in the Complaint that Plaintiff was qualified for the promotion, beyond his service as Corporal for at least eighteen (18) months. Subsequently, Plaintiff makes conclusory allegations that he was not promoted based upon his age, solely because two

4

(2) younger applicants were promoted. (D.E. #1, ¶ 19).  The Plaintiff has failed to make any allegations as to how these two (2) applicants were less qualified than Plaintiff nor has Plaintiff alleged what the applicable standards might be for promotion.  The Plaintiff's conclusory allegations that younger applicants were promoted contains no discussion of their actual qualifications other than conclusory statements about disciplinary action with no specifics.

As in *McCleary-Evans*, Plaintiff "can only speculate that the persons hired were not better qualified, or did not perform better during their interviews, or were not better suited based on experience and personality for the positions." (*Id.*).  The extremely limited factual allegations provided by Plaintiff "stop short of the line between possibility and plausibility of entitlement to relief." *See Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Additionally, Plaintiff alleges that he was born in 1966 and hired by the Defendant in 2009. (D.E. #1, ¶ 12).  Thus, Plaintiff was a member of the protected age class when he was hired by Defendant.  Plaintiff then alleges that he received three (3) prior promotions in the shortest amount of time possible and was at the rank of Corporal at the time of his dismissal. (D.E. #1, ¶ 14).  Plaintiff alleges no further facts which would indicate why Defendant would suddenly have changed his mind and begun a campaign of discrimination against older workers.  "In cases where the hirer and the firer are the same individual and the termination of employment occurs within a relatively short time span following the hiring, a strong inference exists that discrimination was not a determining

factor for the adverse action taken by the employer." *See Proud v. Stone*, 945 F.2d 796, 798, (4th Cir. 1991). Thus, as Plaintiff was hired by Defendant and promoted three (3) times while a member of the protected class, the strong inference against discrimination weakens the plausibility of Plaintiff's Complaint.

Furthermore, Plaintiff has failed to allege that he was not promoted "but for his age" as required to sustain a claim against the Defendant. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 122 S.Ct. 992, ___ L.Ed.2d ____, (2002) (*where plaintiff actually alleged allegations of specific disparate treatment and exclusion from activities in his employment as a result of his nationality*); and *Gross v. FBL Fin. Servs.*, 557 U.S. 167, 129 S.Ct. 2343, 174 L.E.2d 119 (2009) (*where the Court stated that a plaintiff bringing a disparate-treatment claim under the ADEA had to prove by a preponderance of the evidence that age was the "but-for" cause of the challenged adverse employment action*).

Moreover, Plaintiff admits that he was terminated for making a comment about a former maintenance employee's intolerance for people of other races and ethnicity. (D.E. #1, ¶ 20). However, at no point in the Complaint does Plaintiff allege that this statement was false, but only makes the conclusory allegation that this was a pretextual reason for the termination. As such, the Plaintiff's Complaint fails to state a claim upon which relief can be granted due to its failure to allege sufficient factual allegations to indicate that the Plaintiff was treated differently solely based upon his age.

The Plaintiff's Complaint in this case simply does not allege any facts, whether direct or circumstantial, to indicate how he was treated differently because of his age, that

6

Case 1:17-cv-00709-NCT-JLW   Document 6   Filed 09/21/17   Page 6 of 9

his age was the cause of his failure to be promoted, or that age was the cause of his termination. As a result, this action should be **DISMISSED WITH PREJUDICE**.

## CONCLUSION

Based upon the foregoing law and argument, the Motion by Defendant Sheriff Terry S. Johnson should be **GRANTED** and the Complaint against him **DISMISSED WITH PREJUDICE**.

This the 21st day of September, 2017.

/s/ William L. Hill
William L. Hill (NCSB #21095)
*Attorney for Defendant Johnson*

**FRAZIER HILL & FURY, R.L.L.P.**
Post Office Drawer 1559
Greensboro, North Carolina 27401
Telephone:   (336) 378-9411
Facsimile:   (336) 274-7358
whill@frazierlawnc.com

7

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
1:17-cv-00709-NCT-JLW

| | |
|---|---|
| ALAN SCOT TICKLES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SHERIFF TERRY S. JOHNSON, in his )<br>official capacity as Alamance County Sheriff, )<br>)<br>Defendant. )<br>) | **CERTIFICATE OF COMPLIANCE PURSUANT TO L.R. 7.3(d)(1) and (2)** |

I, William L. Hill, certify that **MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** complies with L.R. 7.3(d)(1) and (2).

I further certify that, in preparation of the above document, I used Microsoft Word 2013, and that this word processing program has been applied specifically to include all text, headings, footnotes, and quotations.

I further certify that the above referenced document contains 1,731 words.

This the 21st day September, 2017.

/s/ William L. Hill
William L. Hill (NCSB #21095)
*Attorney for Defendant Johnson*

**FRAZIER, HILL & FURY, R.L.L.P.**
Post Office Drawer 1559
Greensboro, North Carolina 27402-1559
Telephone:   (336) 378-9411
Facsimile:   (336) 274-7358
whill@frazierlawnc.com

# CERTIFICATE OF SERVICE

  I hereby certify that on the date shown below, I electronically filed the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AND CERTIFICATE OF COMPLIANCE PURSUANT TO L.R. 7.3(d)(1) and (2)** with the Clerk of Court using the CM/ECF system and have verified that such filing was sent electronically using the CM/ECF system to the following:

    Brett A. DeWitt
    HENSEL LAW, P.L.L.C.
    brett.dewitt@hensellaw.com
    *Attorney for Plaintiff*

This the 21st day of September, 2017.

    /s/William L. Hill
    William L. Hill (NCSB #21095)
    *Attorney for Defendant Johnson*