IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| ALAN SCOT TICKLES, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| SHERIFF TERRY S. JOHNSON, in his official capacity as Alamance County Sheriff, | ) ) ) | 1:17CV709 |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

This matter is before the Court on Defendant Sheriff Terry S. Johnson's Motion to Dismiss Complaint [Doc. #5]. Plaintiff Alan Scot Tickles has alleged violations of the Age Discrimination in Employment Act ("ADEA") of 1967, as amended, 29 U.S.C. §§ 621 et seq. (See Compl. [Doc. #1].) Johnson argues that Tickles has not alleged sufficient facts to state a plausible claim. For the reasons explained below, the Motion is granted.

Tickles, born on August 8, 1966, alleges that he was first hired by Johnson in 2009 as a Detention Officer in the Alamance County Detention Center. (Id. ¶¶ 9, 12.) Johnson, whose duties include the hiring of deputies and other employees, has a hierarchical system in which deputies and other employees are assigned a rank. (Id. ¶¶ 10, 11.) With a higher rank comes higher pay and authority. (Id. ¶ 11.) Before an employee "could be promoted to a higher rank, [he] was supposed to meet minimum standards that [Johnson] had set", which Tickles refers to as "the 'Guidelines'". (Id.) These Guidelines are not publicly

available and "were maintained in a closed computer system in [Johnson's] offices." (Id.)

Tickles was initially hired as a Detention Officer 1, but received promotions to Detention Officer 2, Detention Officer 3, and Corporal "in the shortest amount of time possible." (Id. ¶ 14.)  On May 22, 2015, Tickles applied for a promotion to Sergeant. (Id. ¶ 18.)  "Under [the] Guidelines[,] a Corporal could not be considered for a Sergeant position until they served as a Corporal for 18 months." (Id.)  At the time Tickles applied for the position, he had never received a write-up and was one of only two deputies who "met [Johnson's] Guidelines for promotion to Sergeant." (Id. ¶¶ 15, 16, 19.)  Yet, on or about June 8, 2015, instead of promoting Tickles to the rank of Sergeant, Johnson promoted "two younger, less qualified" deputies, Johnathan Scott and Mathew Brinkley, who "both failed to meet the requisite Guidelines for promotion to Sergeant." (Id. ¶¶ 18, 19.)

"Roughly two months" later, Johnson reprimanded Tickles "for making a comment about a former maintenance employee's intolerance for people of other races and ethnicities" and terminated Tickles on August 19, 2015. (Id. ¶¶ 20, 21.)  Another deputy over forty years old, Deputy Calicutt, was also terminated within a few weeks of Tickles's termination. (Id. ¶ 22.)  Both Tickles and Calicutt had "exemplary records". (Id.)  "Meanwhile," Johnson "retained and promoted younger officers who have been written-up and/or placed on probation for violating [Johnson's] rules and policies." (Id. ¶ 23.)

2

Tickles filed suit against Johnson on August 2, 2017, for allegedly violating the ADEA when he failed to promote Tickles and when he terminated Tickles. In response, Johnson argues that Tickles does not allege (1) that Johnson was required to follow the Guidelines, (2) "any significant detail" about the applicable promotion standards other than consideration of a Corporal for the position of a Sergeant after the Corporal has served in his position for eighteen months, (3) that he was qualified for the promotion beyond his service as a Corporal for at least eighteen months, (4) how Scott and Brinkley were less qualified, or (5) that he was not promoted "but for his age". (Mem. in Supp. of Def.'s Mot. to Dismiss at 4-6 [Doc. #6].)

To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556); see also McCleary-Evans v. Md. Dep't of Transp., State Highway Admin., 780 F.3d 582, 585 (4th Cir. 2015) (noting that a complaint must "contain[] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face in the sense that the complaint's factual allegations must allow a court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). When evaluating whether the complaint

3

states a claim that is plausible on its face, the facts are construed in the light most favorable to the plaintiff and all reasonable inferences are drawn in its favor. U.S. ex rel. Oberg v. Pa. Higher Educ. Assistance Agency, 745 F.3d 131, 136 (4th Cir. 2014). Nevertheless, "labels and conclusions[,]" "a formulaic recitation of the elements of a cause of action[,]" and "naked assertions . . . without some further factual enhancement" are insufficient. Twombly, 550 U.S. at 557.

In the context of an employment discrimination case, a plaintiff need not allege facts to support a prima facie case of discrimination at the pleading stage. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-12 (2002). This remains true even after Iqbal and Twombly. McCleary-Evans, 780 F.3d at 586 ("To be sure, those cases did not overrule Swierkiewicz's holding that a plaintiff need not plead the evidentiary standard for proving [an employment discrimination] claim – indeed, Twombly expressly reaffirmed Swierkiewicz's holding that the 'use of a heightened pleading standard for [employment discrimination] cases was contrary to the Federal Rules' structure of liberal pleading requirements.'"). And, this is true despite the inconsistent application of the law. See id. at 588 (Wynn, J., dissenting) (noting that the majority's affirmation dismissing the complaint "brings into stark relief the tension embedded in the Supreme Court's recent jurisprudence regarding Rule 8 pleading requirements" and "requires [the court] to reconcile the Supreme Court's decisions in [Twombly] and [Iqbal] with its decision in [Swierkiewicz] – no small task as the inconsistent case law in this area shows").

4

Nevertheless, Twombly and Iqbal do require that a plaintiff claiming employment discrimination "allege a plausible claim for relief". Id. at 587. To do so, a plaintiff is "required to allege facts to satisfy the elements of a cause of action created by that [non-discrimination] statute". Id. at 585. Here, Tickles is required to allege sufficient facts to show that he was "at least 40 years of age" and that Johnson "fail[ed] or refus[ed] to hire" him "because of [his] age" and that Johnson "discharg[ed]" him "because of [his] age". 29 U.S.C. §§ 623(a)(1), 631(a); Flanagan v. Syngenta Crop Prot., LLC, No. 1:17CV202, 2017 WL 3328168, at *6 (M.D.N.C. Aug. 3, 2017); Martinez v. Conestoga Tile, No. JKB-15-3912, 2016 WL 1585637, at *2 (D. Md. Apr. 20, 2016); Williams v. Guilford Tech. Cmty. Coll. Bd. of Trs., 117 F. Supp. 3d 708, 717 (M.D.N.C. 2015). There is no question that Tickles has sufficiently alleged his qualifying age and Johnson's failure to promote him and termination of him. His allegations that Johnson did so "because of" Tickles's age, however, are insufficient.

In support of his failure to promote claim, Tickles alleges that, at the time he applied for the position, he had no write-ups and his supervisors had been satisfied with his work, that he was then a Corporal, and that he "met Defendant's Guidelines for promotion to Sergeant." Yet, Johnson hired Scott and Brinkley who were "younger", "less qualified", and "failed to meet the requisite Guidelines for promotion to Sergeant". The sufficiency of this pleading can be reduced to a singular question – whether or not an allegation that "[u]nder Defendant's Guidelines[,] a Corporal could not be considered for a Sergeant position until they

5

served as a Corporal for 18 months" is sufficient to remove this case from those in which a plaintiff conclusorily pleads the elements of an offense. It is not.

Tickles refers to the "minimum standards" a person "was supposed to meet" before he "could be promoted" as "Guidelines". These allegations do not require Johnson to abide by the "Guidelines" in his promotion decisions, nor does Tickles otherwise allege that they are a legal requirement, normally followed, purely advisory, or in the nature of a threshold requirement rather than a qualification. While he alleges that he "met Defendant's Guidelines for promotion to Sergeant", he does not allege any Guideline other than tenure as Corporal. He alleges that Scott and Brinkley were "less qualified", but does not allege the qualifications for Sergeant, his qualifications, those of Scott and Brinkley, or how theirs were inadequate.

It is not reasonable to infer from these allegations that Johnson did not promote Tickles because of his age. Instead, the factual allegations leave to speculation the reason why Johnson did not promote Tickles and instead promoted Scott and Brinkley. Compare McCleary-Evans, 780 F.3d 582 (finding allegations insufficient to state a Title VII claim where McCleary-Evans repeatedly alleged that the Highway Administration did not select her because of the decision-makers' bias against African-American women, but did not allege any facts as to what happened during the course of her interview to support that conclusion and, instead, required the court to speculate that those who were hired were not better qualified or did not perform better during their interview or were not better suited

6

for the position based on experience and personality) with Craddock v. Lincoln Nat'l Life Ins. Co., 533 F. App'x 333 (4th Cir. July 22, 2013) (unpublished) (finding allegations sufficiently stated an ADEA claim where Lincoln trained all younger employees in the department to use a scanner, but did not train Craddock despite her requests and that Lincoln told Craddock she could not work again for Lincoln sufficient to state a plausible ADEA claim) & Fisher v. City of Winston-Salem, No. 1:12CV868, 2015 WL 471425 (M.D.N.C. Feb. 4, 2015) (finding allegations sufficiently stated an ADEA claim where Fisher included factual allegations of other applicants with similar or inferior qualifications to Fisher's who were tested and hired, description of conversations with city police officers, a chronology of events, documents explaining the qualifications for the police officer position and how Fisher met each of those, and the Rating Scale System the police department used to evaluate applicants).

The extent of Tickles's allegations in support of his discharge claim is that he was terminated two weeks after he was not promoted and, a few weeks later, Calicutt, another deputy over forty, with an exemplary record, was also terminated. However, Calicutt's termination is not a factor because there are no allegations as to why he was terminated. The fact of his being over forty is not alone sufficient to support a reasonable inference that he was terminated because of age, but, instead, leaves to speculation the reason for his termination. Tickles further alleges that while he and Calicutt were terminated, Johnson retained and promoted younger officers who have violated Johnson's rules and policies. Tickles

has not alleged what rules and policies those officers violated, what those violations were, or how they compared to his remark about a former employee. From these scant allegations, it is not reasonable to infer that Johnson terminated Tickles because of his age.  In sum, Tickles has failed to state a plausible claim for relief under the ADEA.

For the reasons stated herein, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss Complaint [Doc. #5] be GRANTED.  A Judgment dismissing this action will be filed contemporaneously with this Memorandum Order.

This the 19th day of April, 2018.

<u>/s/ N. Carlton Tilley, Jr.</u>
Senior United States District Judge